UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT L. WILDE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | Case No. 2:13-cv-01401-RFB-CWH<br><br>**FINDINGS AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("the Commissioner") denying Plaintiff Robert L. Wilde's application for supplemental security income pursuant to Title II of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal and/or Remand (#11), filed on January 15, 2014, and the Commissioner's Opposition and Cross-Motion for Summary Judgment (#16), filed on March 17, 2014. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**BACKGROUND**

**I.      Procedural History**

On September 18, 2010, Plaintiff filed an application for a period of disability insurance benefits alleging disability beginning May 6, 2008. (A.R. 119-125).[1] His claim was denied initially on March 25, 2011, and upon reconsideration on June 15, 2011. (A.R. 71-74). On February 29, 2012, Plaintiff and his representative appeared for a hearing before an Administrative Law Judge ("ALJ"). (A.R. 25-52). On June 7, 2012, the ALJ issued a decision finding Plaintiff was not disabled from May 8, 2008, through the date of the decision. (A.R. 10-24). The decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 7, 2013. (A.R.

---

[1] A.R. refers to the Administrative Record in this matter. *See* Notice of Manual Filing (#6).

1-6). On August 6, 2013, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Complaint (#1).

## II.     The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §§ 404.1520 and 416.920 and issued a decision on June 7, 2012. (A.R. 10-24). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of May 6, 2008. (A.R. 15, Finding 2). At step two, the ALJ found that Plaintiff had severe medically determinable impairments of lumbar radiculopathy and stenosis, status-post L3-S1 laminectomy; chronic obstructive pulmonary disease (COPD)/asthsma; obesity; and chronic knee and shoulder pain secondary to degenerative changes (20 CFR §404.1520(c)). (A.R. 15, Finding 3). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 14, Finding 4). The ALJ found Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR §404.1567(a) and SSR 83-10, except that he must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (A.R. 16, Finding 5). At step four, the ALJ found Plaintiff capable of performing past relevant work as a purchasing agent. (A.R. 19, Finding 6). Accordingly, the ALJ found that the Plaintiff was not disabled from May 6, 2008, until the date of the decision. (A.R. 19, Finding 7).

## DISCUSSION

## I.     Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g), which states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v.*

*Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence, 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005), but may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *See Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson,* 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II.     Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability, *see Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996), and must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period

of not less than 12 months." *See* 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520 and 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b) and 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

---

[2] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made.  20 C.F.R. §§ 404.1520(h) and 416.920(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p. In determining RFC, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p and 96-7p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work ("PRW"), *see* 20 C.F.R. §§ 404.1520(f) and 416.920(f), which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965.  If the individual has the RFC to perform his past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any

other work considering his residual functional capacity, age, education, and work experience.  20 C.F.R. §§ 404.1520(g) and 416.920(g).  If he is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

### III.    Analysis and Findings

Here, Plaintiff seeks reversal and/or remand of the ALJ's decision on the singular claim that the ALJ failed to follow the correct legal standard in evaluating Plaintiff's credibility.  Specifically, Plaintiff contends that the ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony regarding his subjective symptoms for the following reasons:  (1) testimony of certain activities, (2) Plaintiff's efforts to secure work, and (3) lack of objective evidence to support the claimed severity of Plaintiff's symptoms.  Plaintiff argues that once a perceived inconsistency between the written record and the oral testimony arises, the ALJ must confront the claimant with the inconsistency and if an explanation is made, address that explanation.  *Soto-Olarte v. Holder*, 555 F3d 1089, 1092 (9th Cir. 2009).   In contrast, the Commissioner alleges that the ALJ provided valid bases for finding Plaintiff not fully credible in accordance with SSR 96-7p.

In evaluating Plaintiff's credibility, the ALJ determines whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged and, if so, with no evidence of malingering.  The ALJ may reject the individual's testimony about the severity of the symptoms based upon specific, clear, and convincing reasons.  *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  To support a finding of less than fully credible, the ALJ is required to identify specific facts in the record demonstrating that the individual's symptoms are less severe than claimed.  *Id.* at 592.  "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment."  *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

After review, the Court finds that the ALJ provided clear and convincing reasons for finding

Plaintiff not fully credible. First, the ALJ noted that Plaintiff's statements about not being able to golf or bowl for several months post-surgery raised questions as to whether he had been previously engaging in those activities. (AR 17). Claimant's daily activities are relevant to consideration of symptoms. See 20 C.F.R. § 404.1529(c)(3). The ALJ's inference was proper. *See Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (noting that the ALJ is allowed to make logical conclusions based on the evidence). The government correctly points out that Plaintiff was represented by counsel who could have corrected this assumption if it were not true.

Second, the ALJ noted that Plaintiff's continued efforts to search for work after the alleged onset date were inconsistent with this claim of disability. Although Plaintiff points out that the Social Security regulations encourage disabled individuals to return to substantial employment, for purposes of assessing credibility, the fact that Plaintiff was apparently ready and able to return to work, and received unemployment compensation based upon that apparent ability, and yet is also claiming that he was unable to work because of the incapacitating pain that he was suffering, is relevant to credibility. *See, Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) *citing Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988) (the fact that claimant "received unemployment insurance benefits apparently considering himself capable of work and holding himself out as available for work" undermined his credibility).

The ALJ also found, as "most important," that the credibility of the claimant's allegations regarding the severity of his symptoms and limitations were diminished because the allegations were greater than expected in light of the objective evidence of record which he discussed. The ALJ may consider whether the medical evidence supports Plaintiff's pain testimony in assessing credibility. 20 C.F.R. § 404.1529(a) (agency considers "the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence"); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ discussed in great detail his review of the medical evidence. He found that claimant's respiratory impairment was variously diagnosed, and although there were intermittent positive examination findings to support this diagnosis, the ALJ noted that most physical examinations indicated unremarkable respiratory findings. While the pulmonary function tests dated May 2011 indicated severe obstructive ventilator impairment, they also showed significant improvement following bronchodilator therapy, which is consistent with multiple references to his

asthma being controlled with medication.  In addition, the atypical chest pain appeared resolved after approximately four months and a stress test was negative.

Concerning Plaintiff's back impairment, the ALJ noted that, in spite of complaints of intermittent left leg numbness in August 2008, nerve conduction studies done in response demonstrated only various abnormalities of uncertain clinical significance.  In May 2010, Plaintiff reported worsening low back pain, for which pain medication was prescribed, and his next complaint of back pain was in October 2011, over a year later, with radiation into his left leg.  In December 2011, he underwent surgery with no post-operative complications indicated, and the discharge note reports his left leg numbness was resolved after the surgery.  Regarding his shoulders, records indicate Plaintiff reported acute shoulder pain attributed to overreaching, but x-ray imaging was negative and final diagnosis was probable biceps tendinitis.  There are no references to shoulder pain in the records from his primary care physician.  The ALJ indicated that Plaintiff's severe obesity was recognized and included in the residual functional capacity of sedentary.

The ALJ's credibility determination is supported by clear and convincing reasons.  Nothing in the Court's review demonstrates otherwise and, therefore, the credibility determination must be upheld as a reasonable interpretation supported by substantial evidence.

### IV. Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence.  It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and articulates his rationale for the credibility finding that satisfies the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal and/or Remand (#11) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion for Summary Judgment

(#16) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 22, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**